**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**ISAAC DEWAYNE RUSSELL,**                                                                                    **PLAINTIFF**
**ADC # 132326**

**VS.**                             **NO. 5:07-CV-00049-WRW-BD**

**ARKANSAS DEPARTMENT
OF CORRECTION,** *et al.*                                                                               **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite 402
    Little Rock, AR 72201-3325

1

## II.     Background:

Plaintiff filed a pro se Complaint (docket entry #2) under 42 U.S.C. § 1983 seeking monetary damages from Defendants in their official and personal capacities. At the time of the alleged incident, Plaintiff was incarcerated in the Delta Regional Unit of the Arkansas Department of Correction ("ADC").

According to Plaintiff's Complaint, on June 10, 2005, Defendant Gary Morgan came to Plaintiff's cell to escort him to a "chronic care visit." (Complaint at p. 4) While he was going up the stairs, Plaintiff slipped and fell. (Complaint at p. 4) At the time of the fall, he was handcuffed from behind, and Defendant Morgan had stopped to talk to another inmate. (Complaint at p. 4) Defendant Johnny Washington was upstairs in the lobby and did not go with Defendant Morgan to escort the Plaintiff. (Complaint at p. 4)

After the fall, Plaintiff was escorted to the infirmary where he saw the nurse. (Complaint at p. 9, 16) Plaintiff was examined by the nurse and was told to continue his present medication. (Complaint at p. 9, 16) The nurse put him on the doctor call list. (Complaint at p. 9, 16) On June 15, 2005, Plaintiff saw Dr. Robert Scott, who ordered him to be transferred to the Cummins Unit for X-rays. (Complaint at p. 4)

Plaintiff seeks compensatory and punitive damages claiming: (1) the ADC did not properly train its employees to escort prisoners; and (2) Defendants were deliberately indifferent to his serious medical needs. (Complaint at p. 5) Defendants ADC, Mark Cashion, and Larry Norris filed a motion to dismiss (docket entry #19) and supporting

brief claiming Plaintiff's claims are barred by sovereign immunity, qualified immunity, lack of respondeat superior liability, Plaintiff's failure to allege injury, res judicata, and collateral estoppel. Defendants Morgan and Washington also filed a motion to dismiss raising similar defenses. (docket entry #25) Defendant Scott filed a motion to dismiss (docket entry #41) arguing Plaintiff's Complaint fails to state a claim of deliberate indifference against him. Plaintiff responded to all of the motions. (docket entries #21, 32, 43)

### III.   Discussion:

A.   *Standard*

The Prison Litigation Reform Act ("PLRA") requires federal courts to dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2)(B).  In conducting a review for failure to state a claim, the Court is mindful that a complaint should be dismissed only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).  The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by

lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, broad conclusory allegations, even in a pro se complaint, are insufficient to state a claim under 42 U.S.C. § 1983. *Grady v. Wilken*, 735 F.2d 303, 305 (8th Cir. 1984).

B.   *Individual Capacity Liability*

   1.   Larry Norris

Plaintiff seeks monetary damages against Defendant Norris in his individual capacity. In order to establish § 1983 liability against an individual supervisor, a plaintiff must prove some personal involvement on the part of the defendant in the constitutional violation. *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007).

Plaintiff has not alleged that Larry Norris had any personal involvement in any of the events he claims violated his constitutional rights. Based on the facts alleged, Larry Norris cannot be held individually liable to Plaintiff.

Plaintiff may be seeking to impose liability on Defendant Norris because of his supervisory position. However, such a claim is predicated on a respondeat superior theory which does not apply to claims under 42 U.S.C. § 1983. *Marchant v. City of Little Rock*, 741 F.2d 201, 204-05 (8th Cir. 1984). Therefore, all of Plaintiffs claims of individual liability against Defendants Norris based on his supervisory capacity should be dismissed.

2.  Defendants Cashion, Washington, and Morgan

Defendants Cashion, Washington, and Morgan claim they are entitled to qualified immunity for Plaintiff's claims of damages against them in their individual capacities. In *Robinson v. White County, Ark.*, 452 F.3d 706, 711-12 (8th Cir.2006), the Eighth Circuit stated that government officials are entitled to qualified immunity unless:

> their alleged conduct violated clearly established federal constitutional or statutory rights of which a reasonable person in their positions would have known. We analyze [the] qualified immunity issue in two steps. First, we ask whether the facts as asserted by the plaintiff show the officer's conduct violated a constitutional right. If the answer is no, we grant qualified immunity. If the answer is yes, we go on to determine whether the right was clearly established. The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.

*Id*. at 712 (quoting *Wright v. Rolette* County, 417 F.3d 879, 884 (8th Cir.2005), cert. denied, ___ U.S. ___, 126 S.Ct. 1338 (2006)).

a.  Violation of a Constitutional Right

Under the first step of the qualified immunity analysis, the Court must apply the Eighth Amendment deliberate-indifference standard. *Grayson v. Ross*, 454 F.3d 802, 808-09 (8th Cir. 2006). Prison officials or their agents violate the Eighth Amendment if they commit "acts or omissions sufficiently harmful to evidence deliberate indifference to [an inmate's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). The Eighth Circuit has interpreted this standard as including both an objective and a subjective component: "The [plaintiff] must demonstrate (1) that [he] suffered

[from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997). A serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778 (8th Cir. 1997) (citing *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995)). "The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995).

Plaintiff does not allege a diagnosis by a physician of a serious medical condition requiring attention. Further, Plaintiff does not allege facts supporting a serious medical need so obvious that a layperson would recognize a necessity for a doctor's attention. After the fall, Plaintiff continued to walk to the infirmary for treatment. The nurse who treated the Plaintiff released him back to his cell, told him to continue his present medication, and put him on the doctor call list. (Complaint at p. 9) Based on the facts alleged, it was not obvious that Plaintiff had a serious medical need requiring attention.

  b. Clear Unlawful Conduct

Under the second step of the analysis the Court must look to whether it would be clear to a reasonable officer that his conduct was unlawful. *Grayson v. Ross*, 454 F.3d 802, 808-09 (8th Cir. 2006). Even assuming it was clear Plaintiff had a serious medical

need, Defendants Morgan, Washington, and Cashion were not deliberately indifferent to Plaintiff.  After the fall, Defendant Morgan inquired whether plaintiff was hurt and then escorted him to the infirmary for evaluation by the nurse.  Defendant Cashion promptly responded to Plaintiff's grievance alleging he was "sore from the fall" but "was not sure what type of damage [he] sustained" (Complaint at p. 10) by asking for a response from the Medical Administrator.  Based on these facts, Defendants Morgan, Washington, and Cashion did not act with deliberate indifference to the Plaintiff's medical needs in violation of a constitutional right.  Accordingly, Defendants Morgan, Washington, and Cashion, should be entitled to qualified immunity from Plaintiff's claims for damages against them individually.

    3.    <u>Dr. Robert Scott</u>

Plaintiff fails to state any facts on which he can assert that Dr. Scott violated his constitutional rights.  Plaintiff's only statement in his Complaint relating to Dr. Scott is that he was not seen by Dr. Scott until June 15, 2005, and that Dr. Scott transferred him to the Cummins unit for X-rays.  To establish that Dr. Scott's conduct amounted to a constitutional violation, Plaintiff must demonstrate that Dr. Scott knew, yet disregarded, an excessive risk to his health.  *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994).  Further, Plaintiff must allege that any delay in treatment had an adverse effect.  *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997).

Plaintiff has not established a serious medical need, much less that Dr. Scott disregarded an excessive health risk. Dr. Scott examined Plaintiff five days after the alleged incident, prescribed medication to treat Plaintiff's pain, and referred him to the Cummins Unit for X-rays. Plaintiff claims that he continued to experience pain and the ordered X-rays were not done until a year later. However, these facts fail to state a claim of deliberate indifference against Dr. Scott. See *Logan v. Clarke*, 119 F.3d 647 (8th Cir. 1997) (delay in referring prisoner with back pain to a specialist was not deliberate indifference when doctors took steps to alleviate prisoner's pain); *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995)(mere disagreement with treatment decisions does not rise to the level of a constitutional violation). Moreover, Plaintiff has not alleged that any delay in his treatment had an adverse effect on his condition. *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997)(allegation that delay had an adverse effect on prognosis is an element of a deliberate indifference claim). Accordingly, Plaintiff's claims against Dr. Scott should be dismissed.

C.      *Official Capacity Liability*

The Defendants Norris, Cashion, Morgan, and Washington contend Plaintiff's claims for monetary damages against them in an official capacity for failure to properly train or follow established policies and procedures are barred by the doctrine of sovereign immunity. The Eleventh Amendment bars a citizen from bringing suit in federal court against a state, a state agency, or a state official sued in his official capacity for monetary

damages which must be paid from public funds in the state treasury. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir.1992) (per curiam); *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir.1989). Only two exceptions exist to Eleventh Amendment immunity: (1) "where Congress has statutorily abrogated such immunity by 'clear and unmistakable language,'" or (2) where a state has waived its immunity to suit in federal court, but "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Barnes*, 960 F.2d at 64-65 (citing *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473-74 (1987)). Neither exception is applicable to Plaintiff's case. See *Will*, 491 U.S. at 66.

Plaintiff has neither pled nor is he able to prove the State has waived its immunity with regard to § 1983 lawsuits, and Congress did not abrogate Eleventh Amendment sovereign immunity when it enacted § 1983. Therefore, Plaintiff should not be afforded monetary relief against Defendants in their official capacities.

**IV.     Conclusion**:

The Court recommends that the District Court DISMISS Plaintiff's Complaint (docket entry #2) with prejudice as to all of the Defendants with the dismissal counting as a "strike" for purposes of 28 U.S.C. § 1915(g); and that it certify that an *in forma*

9

*pauperis* appeal taken from the order and judgment dismissing this action would be frivolous and not in good faith.

Dated this 9th day of July, 2007.

_____
UNITED STATES MAGISTRATE JUDGE